UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEOFFREY W. FREEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL ATCHISON, SALVADOR GODINEZ and KIM BUTLER,<br><br>    Defendants. | Case No. 14-cv-614-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Geoffrey W. Freeman's objection (Doc. 40) to Magistrate Judge Philip M. Frazier's February 3, 2015, order (Doc. 28) granting the defendants' motion to compel responses to their discovery requests regarding the issue of exhaustion of administrative remedies (Doc. 22) and denying Freeman's motion to strike the defendants' motion (Doc. 23).  Magistrate Judge Frazier explained that even if the defendants had not raised exhaustion as an affirmative defense, discovery regarding exhaustion was within the broad scope of permissible discovery.  Freeman now objects to having to respond to discovery requests regarding exhaustion and fears his responses may be construed as a waiver of his objection to the affirmative defense of exhaustion.  He claims he did not receive a copy of Magistrate Judge Frazier's February 3, 2015, order at the time it was entered and did not even know it was entered until he obtained a copy of the docket sheet on April 7, 2015.  He finally received a copy of the order when it was resent to him via the prison e-filing arrangement on April 22, 2015.

A litigant may object to a magistrate judge's order by filing an objection within fourteen days of the order to which objection is made.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1).  A

district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   The Court may also *sua sponte* reconsider any matter determined by a magistrate judge.   L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

As a preliminary matter, Freeman's objection is timely because he did not receive Magistrate Judge Frazier's February 3, 2015, order until April 22, 2015, and he filed his objection within fourteen days.   However, Magistrate Judge Frazier's February 3, 2015, ruling was not clearly erroneous or contrary to law.   Facts relating to Freeman's exhaustion of his administrative remedies are within the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2), that is, they are relevant and non-privileged.   Furthermore, Freeman will not waive any objection to an exhaustion defense by complying with discovery rules and court orders.   The Court further sees no reason to reconsider Magistrate Judge Frazier's decision.   Accordingly, the Court **AFFIRMS** Magistrate Judge Frazier's February 3, 2015, order (Doc. 28) and **OVERRULES** Williams' objections (Doc. 40).

**IT IS SO ORDERED.**
**DATED:   May 15, 2015**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**