UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEOFFREY W. FREEMAN,

    Plaintiff,

   v.

MICHAEL ATCHISON, SALVADOR GODINEZ and KIM BUTLER,

    Defendants.

Case No. 14-cv-614-JPG-PMF

## MEMORANDUM AND ORDER

    This matter comes before the Court on plaintiff Geoffrey W. Freeman's objection (Doc. 60) to Magistrate Judge Philip M. Frazier's September 24, 2015, order (Doc. 59) denying Freeman's motion to deem factual issues admitted (Doc. 58). Freeman had requested the Court to deem admitted all facts he pled in a mandamus petition in the St. Clair County, Illinois, Circuit Court after defendant Kim Butler failed to respond to that petition and instead moved to transfer the venue of that matter to another county. Magistrate Judge Frazier was not convinced that any statement by Butler in the mandamus proceeding were judicial admissions or that such judicial admissions would be binding in this proceeding. *See Higgins v. Mississippi*, 217 F.3d 951, 954, (7th Cir. 2000) ("a judicial admission binds only in the litigation in which it is made" and is only useful as evidence of an admission weighing against a contradictory statement in any other case).

    Freeman objects to Magistrate Judge Frazier's characterization of Butler's prior failure to respond to a mandamus petition as a "judicial admission." He believes they are properly characterized as "extrajudicial admissions" and are admissible as non-hearsay evidence in this case. He also faults Magistrate Judge Frazier for not deeming Butler's failure to respond to his motion as an admission of the merits of the motion pursuant to Local Rule 7.1(g).

A litigant may object to a magistrate judge's order by filing an objection within fourteen days of the order to which objection is made. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

The Court has reviewed the matter and finds that Magistrate Judge Frazier's September 24, 2015, ruling was not clearly erroneous or contrary to law. Magistrate Judge Frazier's order does not prohibit Freeman from trying to use Butler's lack of response to Freeman's assertions in his mandamus proceedings as evidence in this case, subject to proof of admissibility at the time that evidence is introduced at trial. Additionally, it is within Magistrate Judge Frazier's discretion to decline to deem the failure to respond to a motion as an admission of the merits of the motion under Local Rule 7.1(g). Magistrate Judge Frazier did not err in his exercise of discretion in this case. Accordingly, the Court **AFFIRMS** Magistrate Judge Frazier's September 24, 2015, order (Doc. 59) and **OVERRULES** Freeman's objections (Doc. 60).

**IT IS SO ORDERED.**
**DATED:**   November 10, 2015

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**