UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEOFFREY W. FREEMAN,

    Plaintiff,

    v.

MICHAEL ATCHISON, SALVADOR GODINEZ and KIM BUTLER,

    Defendants.

Case No. 14-cv-614-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Geoffrey W. Freeman's objection (Doc. 87) to Magistrate Judge Philip M. Frazier's December 21, 2015, order (Doc. 83) ruling on a number of Freeman's motions to compel (Docs. 64, 66, 68, 69 & 73).

A litigant may object to a magistrate judge's order by filing an objection within fourteen days of the order to which objection is made. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). Magistrate Judge Frazier's order and Freeman's objections are set forth below.

In his order, Magistrate Judge Frazier notes that Freeman's motions rely on outdated law regarding the scope of discovery. Freeman states that he does not understand Magistrate Judge Frazier's statement that he is relying on an outdate discovery standard. Magistrate Judge Frazier was referring to Federal Rule of Civil Procedure 26(b)(1) in which the scope of discovery is defined. That scope was narrowed in 2000 (and was further narrowed in December 2015). The cases Freeman cited predate the 2000 changes. Magistrate Judge Frazier correctly relied in his rulings on the version of Rule

26 in place when Freeman served his discovery requests:

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.   For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.   Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.   All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1) (2010).   Rule 26(b)(2)(C) (2010), in turn, stated:

> *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Magistrate Judge Frazier considered the defendants' response to Freeman's request # 11 in his first request for production of documents, which asked for documents reflecting the defendants' involvement in the decision to confiscate all typewriters at Menard Correctional Center.   In response, the defendants produced a two-page memo authorizing the confiscation of typewriters (Doc. 64-2 at 14).   Freeman was dissatisfied that no documents were produced that reflect events leading up to the final decision to confiscate the typewriters(Doc. 64-2 at 15).    The defendants rested on their production (Doc. 70-5 at 8).   Magistrate Judge Frazier considered the defendants' response adequate in light of the fact that there is no indication additional responsive documents exist or have been withheld (Doc. 83 at 2).   Freeman asks now for a sworn statement that no other documents exist.   Magistrate Judge Frazier's decision was not clearly erroneous or contrary to law for not ordering further production or a declaration that no further documents exist.   Freeman has pointed to no authority for such action.

Magistrate Judge Frazier considered the defendants' response to Freeman's requests # 4 and 8 in his second request for production of documents, which asked for documents reflecting the number of typewriters confiscated at Menard and the names and races of their owners. The defendants responded that they were seeking responsive documents from Menard and would produce them as necessary (Doc. 64-1 at 6 and 8). Freeman was dissatisfied that he had not received any documents by the production deadline (Doc. 64-1 at 7 and 9). Magistrate Judge Frazier considered Freeman's motion to compel premature as he had not made a good faith effort to resolve the dispute informally before filing his motion (Doc. 83 at 2). Freeman now complains that he cannot resolve any dispute informally before any documents are produced. Magistrate Judge Frazier's decision was not clearly erroneous or contrary to law for finding Freeman had not complied with Federal Rule of Civil Procedure 37(a)(1), which requires a good faith effort to confer with the responding party to resolve the matter before involving the Court. There is no requirement that documents be produced before an attempt can be made to resolve a dispute.

Magistrate Judge Frazier considered the defendants' response to Freeman's requests # 6 & 7 in his second request for production of documents, which asked for documents reflecting weapons fashioned from typewriter components and the inmates that possessed them from 2005 to 2012 at Menard. The defendants objected to producing documents in inmate's individual files as overly broad and unduly burdensome but produced a chart summarizing when weapons or weapon materials were found at Menard from 2010 to 2013 (Doc. 64-1 at 8). Freeman was dissatisfied because he believed the requested information is maintained separately by the Illinois Department of Corrections and does not require invading individual inmates' records (Doc. 64-1 at 9). The defendants stated that the information is contained in individual incident reports throughout the prison system and are not

categorized by the weapon involved (Doc. 70-5 at 9-10).   Magistrate Judge Frazier found the defendants' objections meritorious because it would involve searching and redacting inmates' master files located throughout the state (Doc. 83 at 2).   Freeman believes Magistrate Judge Frazier was wrong to ignore his suggestion of an alternative source for relevant documents.   Magistrate Judge Frazier's decision was not clearly erroneous or contrary to law in light of the fact that Freeman has presented no evidence that alternative sources actually exist.

      Magistrate Judge Frazier considered the defendants' response to Freeman's request # 9 in his second request for production of documents, which asked for documents reflecting the racial composition of those involved in staff assaults as perpetrators or victims at Menard in 2012 and whether a weapon fashioned from a typewriter was used.   The defendants objected to the request as overly broad, unduly burdensome and beyond the proper scope of discovery (Doc. 64-1 at 10).   Freeman disagreed that his request was beyond the proper scope of discovery but cited cases relying on an outdated standard (Doc. 64-1 at 11).   The defendants stated that the information is contained in individual incident reports throughout the prison system and are not categorized by the weapon involved and that the information is irrelevant to Freeman's claims in this case (Doc. 70-5 at 10).   Magistrate Judge Frazier sustained the defendants' objections (Doc. 83 at 2).   Freeman believes his request was relevant to show racial animus.   Magistrate Judge Frazier's decision was not clearly erroneous or contrary to law and applied the proper rule regarding the scope of discovery.   Obtaining the documents Freeman requests would be extremely time-consuming and of no relevance to the claims in this case.

      Magistrate Judge Frazier considered the defendants' response to Freeman's request # 10 in his second request for production of documents, which asked for documents reflecting confiscated weapons fashioned from various other items at Menard from 2009 to 2012.   The defendants objected to the

request as overly broad, unduly burdensome and beyond the proper scope of discovery (Doc. 64-1 at 12). Freeman disagreed that his request was beyond the proper scope of discovery but cited to cases relying on an outdated standard (Doc. 64-1 at 13).   The defendants stated that the information is contained in individual incident reports throughout the prison system and are not categorized by the weapon involved and that the information is irrelevant to Freeman's claims in this case (Doc. 70-5 at 10-11).   Magistrate Judge Frazier sustained the defendants' objections (Doc. 83 at 2).   Freeman believes his request was relevant to show racial animus.   Magistrate Judge Frazier's decision was not clearly erroneous or contrary to law and applied the proper rule regarding the scope of discovery.   Obtaining the documents Freeman requests would be extremely time-consuming and of no relevance to the claims in this case.

     Magistrate Judge Frazier considered the defendants' response to Freeman's requests # 11-14 and 18-22 in his second request for production of documents, which asked for documents reflecting certain demographic, personal and dietary information for various populations of staff and inmates at Menard between 2005 and 2012.   The defendants objected to the requests as beyond the proper scope of discovery (Doc. 64-1 at 12-16 and 18-22).   Freeman disagreed that his requests were beyond the proper scope of discovery but cited to cases relying on an outdated standard (Doc. 64-1 at 13-17 and 19-22; Doc. 64-2 at 1).   The defendants stated that the information is irrelevant to Freeman's claims in this case (Doc. 70-5 at 11-14).   Magistrate Judge Frazier sustained the defendants' objections (Doc. 83 at 2). Freeman believes his request was relevant to show animus in various aspects of the prison which may be imputed to the defendants as race discrimination in this case.   Magistrate Judge Frazier's decision was not clearly erroneous or contrary to law and applied the proper rule regarding the scope of discovery. The documents Freeman requested are not relevant to the age and race discrimination or the retaliation claims he filed in this case.

Magistrate Judge Frazier considered defendant Butler's response to Freeman's interrogatories # 7 and 11, which asked about Menard employees who shared the same last names and the number of African-American majors at the prison.  Butler objected to the requests as beyond the proper scope of discovery (Doc. 64-3 at 7-8 and 11).  Freeman argued that his requests were relevant to show race discrimination in a family-controlled prison atmosphere, but he cited to cases relying on an outdated standard (Doc. 64-3 at 9 and 12).  Butler stated that the information is irrelevant to Freeman's claims in this case (Doc. 70-5 at 4).  Magistrate Judge Frazier sustained Butler's objections (Doc. 83 at 3).  Freeman continues to believe his request is relevant to show race discrimination in a family-controlled prison atmosphere.  Magistrate Judge Frazier's decision was not clearly erroneous or contrary to law and applied the proper rule regarding the scope of discovery.  The last names of prison staff are not relevant to Freeman's age and race discrimination or his retaliation claims.

Because Magistrate Judge Frazier did not err in his exercise of discretion in this case, the Court **AFFIRMS** Magistrate Judge Frazier's December 21, 2015, order (Doc. 83) and **OVERRULES** Freeman's objections (Doc. 87).

**IT IS SO ORDERED.**
**DATED:   March 17, 2016**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**