IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEOFFREY W. FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-cv-0614-MJR-PMF |
| | ) |
| MICHAEL ATCHISON, | ) |
| SALVADOR GODINEZ, | ) |
| and KIMBERLY BUTLER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### A.   Introduction

On June 7, 2016, this case was transferred to the undersigned District Judge from Judge J. Phil Gilbert. Pending before the Court is plaintiff Geoffrey Freeman's motion for summary judgment or, in the alternative, judgment on the pleadings, filed November 19, 2015. The 60-page motion for summary judgment or judgment on the pleadings and supporting brief (Doc. 77) is opposed (Doc. 101), and Freeman has filed a reply (Doc. 106).

In this lawsuit, Freeman names three Defendants -- the Director and Deputy Director of the Illinois Department of Corrections (IDOC) and the Warden of Menard Correctional Center. Freeman challenges the treatment he experienced while confined

at Menard. He asserts a First Amendment retaliation claim against Warden Kimberly Butler (Count 1) and a Fourteenth Amendment age and race discrimination claim against IDOC Deputy Director Michael Atchison and IDOC Director Salvador Godinez (Count 2) (*see* Docs. 5, 7). Freeman's retaliation claim is based on allegations that because he had filed grievances and litigation, Butler falsely accused Freeman of violating disciplinary rules in April 2014. Freeman's discrimination claim is based on a decision to confiscate typewriters from Freeman and other inmates in June/July 2012. Freeman seeks injunctive relief in several forms.

B. <u>Analysis</u>

Analysis begins with reference to the applicable legal standards. Freeman has moved in the alternative for judgment on the pleadings or summary judgment.

Federal Rule of Civil Procedure 12(c) provides that after the pleadings are closed "but within such time as not to delay the trial, any party may move for judgment on the pleadings." Motions for judgment on the pleadings under Rule 12(c) are "governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *BBL, Inc. v. City of Angola,* **809 F.3d 317, 325 (7th Cir. 2015).** To survive a Rule 12(b)(6) dismissal motion, the complaint must "state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis,* **742 F.3d 720, 728 (7th Cir. 2014),** *citing Bell Atl. Corp. v. Twombly,* **550 U.S. 544, 570 (2007).**

However, Rule 12(d) instructs:

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Freeman's request for judgment on the pleadings is supported by materials outside the pleadings, so it will be treated as a motion for summary judgment. **FED. R. CIV. P. 12(d).** No additional notice is required for the Court to construe the motion as such, since Freeman also moved for summary judgment, and the parties briefed the combination motion.

Summary judgment is properly granted if the movant demonstrates that there is no genuine dispute as to any material fact and that he is entitled to a judgment as a matter of law. **FED. R. CIV. P. 56(a);** *Dynegy Mktg. & Trade v. Multi Corp.*, **648 F.3d 506, 517 (7th Cir. 2011).** The party seeking summary judgment bears the initial burden of showing --based on the pleadings, affidavits, and/or information obtained via discovery -- the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, **477 U.S. 317, 323 (1986).** After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986) (quoting FED R. CIV. P. 56(e)(2)).**

A fact is material if it is outcome determinative under applicable law. *Anderson*,

3

477 U.S. at 248; *Ballance v. City of Springfield, Ill. Police Dep't,* 424 F.3d 614, 616 (7th Cir. 2005); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In ruling on a summary judgment motion, the Court construes the facts and all reasonable inferences in favor of the nonmoving party (here, Plaintiff Freeman). *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011). A party asserting that a fact is not in dispute must support that assertion by citing to materials in the record. FED. R. CIV. P. 56(c)(1). A party may object to supporting material that cannot be presented in a form that would be admissible in evidence. FED. R. CIV. P. 56(c)(2).

→   *Count 1 – Retaliation*

To prevail on a First Amendment retaliation claim, Freeman must point to documents showing that he engaged in activity protected by the First Amendment, and he suffered a deprivation that would likely deter First Amendment activity in the future. The burden of proving the causation element is divided among the parties. Initially, Freeman must show that his protected speech was a motivating factor in Butler's action against him. Butler then may rebut by showing that her conduct was not a necessary condition, because the harm would have occurred anyway. *Kidwell v. Eisenhauer*, 679 F.3d 957, 964-65 (7th Cir. 2012); *Greene v. Doruff*, 660 F.3d 975, 977-80 (7th Cir. 2011).

In his motion, Freeman (who proceeds *pro se*) does not discuss the evidence in terms of elements of proof. He lists 35 facts, some of which are supported by references to attachments. Defendants object to many of these "facts" on the basis that the assertions are not supported by citation to material in the record. In reply, Freeman suggests that his motion and complaint qualify as sworn affidavits and are sufficient to require Defendants to come forward with competing evidence.

As to Count 1, the Court focuses attention on paragraph 14 and paragraphs 18 to 24 of Freeman's motion/memo. These are not facts. They are assertions, lacking citation to supporting materials demonstrating the existence of these facts. To the extent the assertions contain sprinklings of fact, those facts are not established by a reference to 28 U.S.C. 1746. This is not a declaration that satisfies the Rule 56 criteria of personal knowledge, admissibility, and competence. *See* **FED. R. CIV. P. 56(c)(4).** Freeman has not satisfied his burden as movant for summary judgment as to Count 1.

→   *Count 2 – Discrimination*

To establish an equal protection violation, Freeman must demonstrate that Atchison and/or Godinez treated him differently from other inmates who were similarly situated, that they intentionally targeted Freeman for disparate treatment because of his membership in an identifiable group, and that the discriminatory intent was not rationally related to a legitimate state interest. *Schroeder v. Hamilton School*

5

*District*, **282 F.3d 946, 950-51 (7th Cir. 2002);** *Nabozny v. Podlesny*, **92 F.3d 446, 454 (7th Cir. 1996).**

Atchison and Godinez correctly point out that Freeman's statements are not supported by citation to material in the record. They also suggest that some facts on which Freeman relies are immaterial, such as a comment by an office coordinator regarding a typewriting printwheel order.

In assessing this Count, the undersigned has focused on the assertions in paragraphs 1 to 13, 15 to 17, and 25 to 28. From the cited materials, the Court gleans that there was a physical altercation between inmates Mosby and Lawson and correctional officer Malley in the west cell house on June 3, 2012, and correspondence was sent by a typewriter company regarding modifications about five weeks later (Doc. No. 77-1, pp. 6, 8-9, 19). These facts do not even remotely support a finding in Freeman's favor on any element of his discrimination claim against the named Defendants. Freeman has not satisfied his burden as movant for summary judgment as to Count 2.

### C. Conclusion

Freeman has not shown that he is entitled to judgment as a matter of law (or the absence of material fact issues). Freeman's motion for judgment in his favor on Count 1 and Count 2 (Doc. 77) is **DENIED**. Both claims remain for trial, which is set for Tuesday, September 6, 2016.

IT IS SO ORDERED.

DATED July 2, 2016.

                                                     **_s/ Michael J. Reagan_**
                                                     Michael J. Reagan
                                                     United States District Judge